```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**FELICIA LAURY**                                                    **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO. 3:07-cv-75-WHB-LRA**

**WESTWICK APARTMENTS, LLC. d/b/a**
**WESTWICK APARTMENTS and JOHN DOES 1-9**                           **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Motion of Plaintiff to Dismiss, which the Court presumes is brought pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Court has considered the Motion, to which Defendant did not respond, as well as supporting and opposing authorities, and finds that the Motion is well taken and should be granted.

### I.   Factual Background and Procedural History

On January 9, 2007, Plaintiff filed the above referenced personal injury/premises liability lawsuit in the Circuit Court for the First Judicial District of Hinds County, Mississippi. The case was timely removed to this Court on the basis of diversity of citizenship jurisdiction. For the purpose of diversity analysis, Plaintiff is a resident of the State of Mississippi, Defendant is an Alabama corporation with its principal place of business in the State of Alabama, and it is clear from the face of Plaintiff's Complaint that she seeks greater than $75,000 through for her claims of personal injury

and punitive damages. Accordingly, the Court finds it may properly exercise subject matter jurisdiction over this case under 28 U.S.C. § 1332. Plaintiff now moves to dismiss her lawsuit, presumably under Rule 41(a)(2) of the Federal Rules of Civil Procedure, claiming that she is currently recovering from recent surgery and is thus unable to participate in the prosecution of her lawsuit at this time.

## II.  Legal Analysis

Rule 41(a)(2) provides, in relevant part:  "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." In this regard, the United States Court of Appeals for the Fifth Circuit has held:

> The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.' Accordingly the courts have generally followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. It is not a bar to dismissal that plaintiff may obtain some tactical advantage thereby.

Manshack v. Southwestern Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990) (quoting 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2364, at 165 (1971)).

The record shows that Defendant did not file a response to the subject Motion to Dismiss. As such, the motion may be granted as unopposed in accordance with the Local Rules of this District. See Local Rule 7.2(C)(2) (providing: "If a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed."). Additionally, as Defendant did not respond to the subject Motion to Dismiss, it has not presented any evidence to show, and the Court has no basis for concluding, that Defendant will suffer clear 'legal prejudice' in the event Plaintiff's lawsuit is dismissed.

Accordingly, the Court finds that Plaintiff's Motion to Dismiss should be granted, and that this matter should be dismissed without prejudice.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Plaintiff to Dismiss [Docket No. 4] is hereby granted. An Order of Dismissal will be entered dismissing this case without prejudice.

SO ORDERED this the 3rd day of April, 2007.


    s/ William H. Barbour, Jr.
    UNITED STATES DISTRICT JUDGE